UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEATH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACE PAVING CO., INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  CASE NO. C10-1521-MAT<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

Plaintiffs – Locals 302 and 612 of the International Union of Operating Engineers-Construction Industry Health & Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund, Western Washington Operating Engineers-Employers Training Trust Fund (hereinafter collectively "Trust Funds"), and Local 302 of the International Union of Operating Engineers – move the Court for summary judgment against defendant Ace Paving Co., Inc. (Dkt. 6.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE -1

seq. ("ERISA"), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Defendant is bound by a collective bargaining agreement with Local 302 and by three different trust agreements with the Trust Funds. (Dkt. 7, ¶¶ 8, 10 and Exs. A-E.) Through those agreements, defendant is required to report and pay to the Trust Funds monthly contributions for eligible employees. (*Id.*) The trust agreements contain terms as to damages owed as a result of any delinquent contributions, as well as attorney's fees and costs. (*Id.*, Exs. C-E.) The collective bargaining agreement also requires the payment of union dues and Union Programs (UP) contributions. (*Id.*, ¶¶ 3, 14-16 and Ex. B, App. 1, Sched. "A", Fringe Benefits, and Sched. "B", Fringe Benefits, §§ 8 and 9.)

Plaintiffs now seek delinquent contributions and dues and associated damages, attorney's fees, and costs for July 2010 through October 2010. They attach remittance reports from defendant for the months in question and a spreadsheet showing the amounts owed, due dates, and calculations of liquidated damages, interest, attorney's fees, and costs. (*Id.*, Exs. F-J.)

In its answer to plaintiffs' complaint, defendant acknowledged the existence of the agreements requiring its payment of monthly trust fund contributions, but otherwise denied plaintiffs' allegations or asserted that the complaint raised mixed questions of law and fact requiring no answer. (Dkt. 5.) Defendant did not oppose plaintiffs' motion for summary judgment. The Court deems defendant's failure to oppose to be an admission that the motion has merit. *See* Local Civil Rule 7(b)(2). The Court also, for the reasons described below, finds plaintiffs entitled to summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *See Celotex*, 477 U.S. at 322-23.

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement. ERISA Section 515, 29 U.S.C. § 1145. ERISA provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. § 1132(g)(2). As noted, defendant also signed trust agreements containing terms as to damages owed as a result of delinquent contributions.

Section 301 of the LMRA creates a cause of action "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a). Jurisdiction extends to breach of contract "actions to recover fringe benefits stemming from collective bargaining agreements." *Local 159 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 984 (9th Cir. 1999).

In this case, using defendant's remittance reports, plaintiffs calculate total trust fund contributions owed in the amount of $267,132.39 and union dues and UP contributions in the amount of $17,924.78 for the period of July 2010 through October 2010. (Dkt. 7, ¶ 24 and Ex. J.) Plaintiff further calculates that defendant is obligated to pay liquidated damages in the amount of $32,055.89, pre-judgment interest, through November 19, 2010, in the amount of

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE -3

$4,143.02, $1,740.00 in attorney's fees, and $459.70 in costs.  (*Id*., ¶ 24 and Ex. J and Dkt. 8, ¶¶ 2, 4 and Ex. A.)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreements at issue in this case or plaintiffs' entitlement to the total amount of delinquent trust fund contributions, union dues and UP contributions, liquidated damages, interest, attorney's fees, and costs sought.  Accordingly, plaintiffs' motion for summary judgment is hereby GRANTED and plaintiffs awarded the delinquent contributions and dues requested.  Plaintiffs are also entitled to liquidated damages, interest, attorney's fees, and costs, as outlined above.  However, because plaintiffs calculated the amounts described above as of November 2010, a revised accounting may now be in order.  Accordingly, plaintiffs shall submit such information within **ten (10) days** of the date of this Order.

DATED this 10th day of February, 2011.

Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT
PAGE -4